# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22400-Civ-WILLIAMS/TORRES

LAWRENCE WELLS,

    Plaintiff,

v.

ROYAL CARIBBEAN
CRUISES LTD, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants Royal Caribbean Cruises Ltd.'s ("RCL"), Yamilet Hurtado's and Catalin Tanase's motion to dismiss Plaintiff's second amended complaint. [D.E. 51, 52]. Lawrence Wells ("Plaintiff") filed a "Motion to Respond and Object to Defendant Claims on Dockets 51 & 52," which the Court considers as his response. [D.E. 55]. Defendants did not reply and the time to do so has passed. Therefore, Defendants' motion is now ripe for disposition. Based on a review of the motion and the underlying record in this case, the motion to dismiss with prejudice should be **GRANTED**.[1]

---

[1] On July 17, 20020, the Honorable Kathleen M. Williams referred Defendants' motion to the undersigned Magistrate Judge for disposition. [D.E. 56].

## *I. BACKGROUND*

Plaintiff is a former executive sous chef employed by RCL. Plaintiff, acting pro se, initiated this action on June 10, 2019. [D.E. 3]. Plaintiff then amended his complaint and sought to recover damages arising from alleged employment discrimination. [D.E. 12-1]. Plaintiff alleged he was discriminated against because of his race and age and retaliated against for participating in a protected activity. *Id*.

Defendants Hurtado and Tanase moved to dismiss the amended complaint with prejudice. [D.E. 34]. Our Order, dated May 20, 2020, found that the amended complaint was a "shotgun pleading" and that Plaintiff:

> has not presented his claims in separate numbered paragraphs, has failed to articulate the facts supporting each cause of action, and has not stated which claims relate to the various defendants. Indeed, none of his allegations even mention or state any facts relating to Defendants Hurtado and Tanase.

[D.E. 48].

Because the amended complaint failed to comply with the Federal Rules of Civil Procedure pleading requirements, we Granted Defendants' motion to dismiss in part as Plaintiff was given leave to file a second amended complaint within twenty-one days. *Id*. The Order required that if Plaintiff filed a second amended complaint, it was to have numbered paragraphs, the contents of each of which be limited as far as practicable to a statement of a single set of circumstances, and each claim found upon a separate transaction or occurrence to be stated in a separate count. Further, Plaintiff's contemplated second amended complaint was

to specify which Defendants are responsible for which acts or omissions, and which Defendants the various claims are brought against. In sum, Plaintiff was directed not to provide conclusory, vague, or immaterial facts not connected to the causes of actions he raises, so Defendants could frame a responsive pleading. The Order stipulated that any future failure by Plaintiff to comply with these pleading requirements "may result in dismissal with prejudice." *Id.*

On June 5, 2020, Plaintiff filed "Respond [sic] to Court Order Docket 48 to Amended Plaintiff Complaint and Add Defendance [sic] to this Case Dockets 1-48." [D.E. 50]. We consider this document to be Plaintiff's second amended complaint. The second amended complaint asserts various claims against nineteen defendants. This includes amending the allegations against the existing parties and adds new claims against RCL and seven individual employees. Only the three Defendants that filed this motion have been served in this action.

The second amended complaint includes allegations that Plaintiff worked aboard two RCL vessels and that (1) he was subject to discrimination based on his race in violation of Title VII; (2) he was subject to discrimination based on age under the Age Discrimination in Employment Act; (3) he was retaliated against for engaging in protected activity in regards to compliance with applicable International Labour Organization conventions; (4) RCL and other defendants breached Plaintiff's employment contract by using Plaintiff's "Smokehouse BBQ Restaurants Concepts" without compensating him; and (5) he was not paid for all hours worked and/or at the appropriate rate during his employment.

3

## *II. LEGAL STANDARD*

In ruling on a defendant's motion to dismiss, a court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiff[ ]." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [a plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (alteration in original).

4

Factual content gives a claim facial plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [a plaintiff]." *Peterson v. Atl. Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Although a plaintiff proceeding pro se must be afforded leniency, a pro se plaintiff must still conform to procedural rules and a court may not "rewrite an otherwise deficient pleading in order to sustain [the] action." *Jones v. Moore*, 2008 WL 384557, at *1 (S.D. Fla. Feb. 11, 2008). To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. 10(b). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:s

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

All shotgun pleadings share two characteristics in common: First, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir.

5

2015). Second, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

When a plaintiff files a shotgun pleading, the Eleventh Circuit has directed district courts to "strike the [pleading] and instruct counsel to replead the case" if a good faith effort can be made to do so. *Id.* (quoting Fed. R. Civ. P. 11(b)). When this occurs with a pro se plaintiff, the district court should give "him the opportunity to replead with instructions." *Walters v. Sec'y, Fla. Dep't of Corr.*, 743 F. App'x 401, 402–03 (11th Cir. 2018) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 & n.113 (11th Cir. 2001) ("[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader."); *see also Vibe Micro, Inc.*, 878 F.3d at 1296 ("[A] district court must sua sponte give [the plaintiff] one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds . . . [and] should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings."); *Weiland*, 792 F.3d at 1321 n.10 ("[T]he district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.")).

In a similar vein, when a district court dismisses a complaint for the legal insufficiency of its factual allegations, a pro se plaintiff should be given at least one

6

chance to amend the complaint before the district court dismisses the action with prejudice. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

### III. ANALYSIS

The Defendants argue that, among other reasons, the second amended complaint fails to comply with the Federal Rules of Civil Procedure and the Court's May 20, 2020 Order. Specifically, Defendants argue that the second amended complaint remains an impermissible shotgun pleading and suffers from the same procedural and substantive infirmities as the first amended complaint. We agree.

Although the second amended complaint has a corresponding number for each line of the entire document, this is not the same as using numbered paragraphs for each set of circumstances, and this does not cure the second amended complaint from being hopelessly confusing. The second amended complaint also fails to specify which Defendants are responsible for which acts, and which Defendants the various claims are brought against. This shotgun pleading therefore does not allow Defendants to provide a responsive pleading.

For instance, the only specific allegation against Defendant Hurtado, RCL's legal counsel, is that Ms. Hurtado "refused to supply [Plaintiff] with [his] employment Appraisal and or Performance Evaluation after 90 day of service." Moreover, Plaintiff's attachments to the pleadings show that Plaintiff only made this request to Ms. Hurtado *after* this action was initiated. The Court cannot infer any plausible facts that connect Ms. Hurtado to any of Plaintiff's claims. The same holds true for Defendant Tanase. Plaintiff states that Mr. Tanase signed a form

that signifies that he was present during a hearing on Plaintiff's violation of company policies. That's all the allegations against Mr. Tanase. While pleading standards are meant to be liberal and all allegations are to be construed in favor of Plaintiff, in this instance, there are no allegations to construe and Mr. Tanase is deprived of any notice as to the nature of Plaintiff's claims against him.

For RCL, and all the other defendants, Plaintiff similarly fails to meaningfully specify the basis of his claims against each of them. He avers conclusory statements and does not identify cognizable claims related to the facts presented. In sum, the second amended complaint contains nothing more than a confusing set of allegations with no clarity on how any of them are connected. As such, the second amended complaint runs afoul of the most basic requirements in Federal Rule of Civil Procedure 8 because it is "nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

Plaintiff has already been provided one chance to fix the several critical errors in his pleading. *See Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) (affirming the dismissal of an amended complaint that was a shotgun pleading with prejudice after the pro se plaintiff was provided leave and instructions to fix the complaint); *Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987 (11th Cir 2020) (same, but the plaintiff was not pro se). And the Court outlined specific instructions in how to remedy those errors in its May 2020 Order, but Plaintiff has failed to

8

address them.  Because the May 2020 Order warned Plaintiff that a future violation of the Federal Rules of Civil Procedure may result in dismissal with prejudice, and allowing Plaintiff a second chance to fix his pleading would be a waste of judicial resources, Defendants' motion to dismiss the second amended complaint against all defendants with prejudice should be **GRANTED**.  *See Toth*, 788 F. App'x at 691; *Vibe Micro, Inc.*, 878 F.3d at 1295.

### *IV. CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss the second amended complaint with prejudice be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 10th day of August, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge